# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN D. PATTERSON, et al., | ) | CASE NO. 5:08CV1300 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CITY OF AKRON, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendants Patrick Didyk and Daniel Bickett for reconsideration of this Court's summary judgment ruling on the issue of qualified immunity from liability under 42 U.S.C. § 1983. (Doc. No. 100.) Plaintiff Derek Patterson, the sole remaining plaintiff, has filed a brief in opposition (Doc. No. 103) and defendants have filed a reply (Doc. No. 104).

Defendants' motion states in a cursory fashion that they are entitled to qualified immunity under the authority of three cases[1] that were issued after the March 9, 2011 affirmance of this Court's earlier order denying summary judgment on the ground of qualified immunity.

Brian and Derek Patterson filed suit against the City of Akron and several of its police officers setting forth several claims, including a claim of excessive force during arrests that occurred outside a bar in downtown Akron on or about May 27, 2006. After two summary

---

[1] The three cases are: *Hagans v. Franklin Cnty. Sheriff's Office*, 695 F.3d 505 (6th Cir. 2012); *Cockrell v. City of Cincinnati*, 468 F. App'x 491 (6th Cir. 2012); *Turner v. City of Toledo*, No. 3:07CV274, 2012 WL 1669836 (N.D. Ohio May 14, 2012).

judgment opinions (Doc. Nos. 66 and 99), both affirmed on appeal, all that currently remains is

Derek Patterson's excessive force claim against Didyk and Bickett.

As explained in this Court's opinion of August 26, 2009:

The issue is whether Derek's arrest was carried out using excessive force. There is little agreement between the officers and Derek about how his arrest proceeded. About the only fact the officers and Derek agree upon with respect to Derek's arrest is that, once he inserted himself into the arrest of his brother, he refused to follow their directions and allow them to handcuff him. Derek pled no contest to disorderly conduct, so the legality of his arrest is not at issue.

Derek claims that he was drive stunned repeatedly, even after he was handcuffed and under control. There are photos of his injuries which might be consistent with taser wounds. . . . The officers deny drive stunning Derek after he was handcuffed.

Although "[t]he Sixth Circuit consistently holds that the gratuitous use of force on a suspect who has already been subdued is unreasonable[,]" *Hughes v. Kelley*, No. 4:04-CV-129, 2006 WL 1207997, at *4 (W.D. Mich. May 1, 2006) (citing *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 901 (6th Cir. 2004) (unreasonable for officers to to use pepper spray on suspect who was handcuffed on the ground but continued to squirm and kick his feet in the air), in this case, given this significant factual dispute and the Court's inability to make fact calls on summary judgment, the Court cannot yet conclude whether the officers are entitled to qualified immunity.[14] It is not possible, without making factual determinations, to decide whether there was a constitutional violation for purposes of the qualified immunity analysis. *Bass v. Robinson*, 167 F.3d 1041, 1046 (6th Cir. 1999) ("'it is impossible to determine, without choosing between the parties' sharply different factual accounts, whether the force the officers used, objectively assessed, was reasonable.'") (quoting *Jackson v. Hoylman*, 933 F.2d 401, 403 (6th Cir. 1991)); *see also*, *Tapp v. Banks*, 1 Fed.Appx. 344, 350-51, 2001 WL 45103, at **5 (6th Cir. 2001) (although it is objectively reasonable that an officer would be "agitated and highly apprehensive" in certain circumstances, "it is not objectively reasonable for an officer dealing with an essentially compliant person to strike the person's legs twelve to fifteen times in the absence of resistance.") (footnote omitted).

Accordingly, since there are material factual disputes relevant to the issue of qualified immunity, the defendants' motion for summary judgment on this issue with respect to Derek's § 1983 claim is DENIED.

[14] In his opposition to the motion for summary judgment, Derek argues that defendants Givens, Evans, Bickett, Didyk, and Rinn each either used excessive force or was present during another officer's use of excessive force and failed to

> intervene. The Court does not find any such allegation in the complaint (Doc.
> No. 1) and, therefore, will not consider any "failure to intervene" claim.

(Doc. No. 66 at 944-45, footnote in original.)

The three cases[2] submitted by defendants as authority for reconsideration of the issue of qualified immunity do not resolve the material factual dispute previously identified by this Court and affirmed by the Sixth Circuit "upon the opinion of the district court." (Doc. No. 72.) What is at issue is whether excessive force was used against Derek *after* he was handcuffed in the course of a legitimate arrest.[3]

The Court finds no reason to modify its previous ruling with respect to qualified immunity. Therefore, defendants' motion to reconsider is **GRANTED** but, upon reconsideration, the Court adheres to its ruling that a material factual dispute prevents summary judgment on the question of qualified immunity with respect to Didyk and Bickett.

Having now resolved all pending motions, and in view of the fact that all discovery should be complete, the Court will, by separate order, schedule this matter for a jury trial during the two-week period beginning July 22, 2013.  The final pretrial hearing shall take place on July 10, 2013 at 3:00 PM.

**IT IS SO ORDERED**.

Dated: April 18, 2013

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] In *Hagans*, the court noted that use of a taser to subdue a person actively resisting arrest does not constitute excessive force, whereas it would once a suspect is compliant or has stopped resisting. In *Cockrell*, the Sixth Circuit noted the clearly established right to be free from physical force when one is not resisting or has already been detained. In *Turner*, where plaintiff was tased five times, the court found that there was no excessive force because he was resisting throughout the entire encounter.

[3] The arrest itself is not at issue because Derek entered a plea of no contest to disorderly conduct. However, the fact that he was legitimately arrested does not mean that the defendants were free to use excessive force after he was in custody. That remains a factual dispute.