UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN D. PATTERSON, et al., | ) | CASE NO. 5:08-cv-1300 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF AKRON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is defendants' third motion for summary judgment, addressing plaintiff Brian Patterson's claims restored by the Sixth Circuit's remand (Doc. No. 159 ["MSJ"]), plaintiff Brian Patterson's brief in opposition (Doc. No. 166 ["Opp'n"]),[1] and defendants' reply (Doc. No. 168 ["Reply"]). For the reasons set forth below, the motion is granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this case have been set out in several previous orders of this Court, as well as by the Sixth Circuit Court of Appeals in its opinion and order remanding this case. *See Patterson v. City of Akron*, 619 F. App'x 462 (6th Cir. 2015). General familiarity with the facts is presumed, obviating the need to repeat them here in full. Facts will be reviewed only as needed to contextualize the instant ruling.

---

[1] Plaintiff requests oral argument "to aid the Court in its understanding of the facts and issues presented and in its deliberations." (Opp'n at 2969.) The Court sees no need for argument, as it is more than familiar with the facts and issues in the case. *See also* LR 7.1(g) and 7.2(b), neither of which require oral argument on a summary judgment motion.

On May 28, 2008, plaintiffs Brian D. Patterson ("Brian") and Derek J. Patterson ("Derek") filed their four-count complaint against the City of Akron and seven Akron police officers, including the police chief and a lieutenant in the department, alleging that defendants (1) violated plaintiffs' Fourth Amendment right to be free from excessive force, and that the City of Akron ("the City"), through the two superior officers, had implicitly authorized the unconstitutional conduct of the police officers, and failed to train and/or supervise the officers, in violation of Title VII and 42 U.S.C. § 1983; (2) engaged in a civil rights conspiracy under 42 U.S.C. § 1985; (3) intentionally inflicted emotional distress upon plaintiffs; and (4) engaged in negligent training, supervision, and retention. (Doc. No. 1.)

The Sixth Circuit summarized the most basic facts underlying the claims as follows: "On the night of May 27-28, 2006, during Memorial Day weekend, the brothers [Brian and Derek] were patrons at a bar in downtown Akron, Ohio. Officers arrested [Brian] after twice telling him to stop sitting or leaning on a police cruiser. A large crowd gathered and chaos ensued. Under circumstances that remain disputed, [Derek] attempted to intercede during his brother's arrest. It is undisputed that [Brian] was tased by an officer at least once and [Derek] was tased by officers at least four times." *Patterson*, 619 F. App'x at 463. As set forth in the Sixth Circuit's remand order, defendant Evans tased Brian, *id.* at 467, and defendants Bickett and Didyk tased Derek, *id.* at 468.

On December 15, 2008, the individual defendants moved for summary judgment (Doc. No. 39), asserting that Brian's claims were barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). They further argued that he waived these claims by previously agreeing "not to institute any lawsuit against any of the police officers involved or the City of Akron in this case." *Patterson*, 619 F. App'x at 468 (quoting Doc. 39-13, Plea

Proceedings). Finally, defendants argued entitlement to qualified immunity as to both Brian's and Derek's excessive force claims. On August 26, 2009, this Court granted summary judgment in favor of defendants on all of Brian's claims and dismissed the claims on the basis of waiver, also determining that it need not address the arguments raised under *Heck*. (Doc. No. 66.) But the Court denied summary judgment on the basis of qualified immunity, initially and on reconsideration, determining that there were material factual disputes regarding how the arrest of Derek took place, precluding a definitive finding of qualified immunity.[2] The Sixth Circuit Court of Appeals affirmed the qualified immunity ruling. *Patterson v. City of Akron*, Case No. 09-4131 (Order, March 9, 2011).

Following discovery, defendants filed a second motion for summary judgment, addressing the municipal liability claim, the § 1985 claim, and the state law tort claims. (Doc. No. 89.) This motion was granted, leaving only Derek's § 1983 excessive force claim against defendants Bickett and Didyk. (Doc. No. 99.) This claim was tried to a jury, which returned a verdict in favor of the two defendants. (Doc. No. 145.) On October 1, 2013, final judgment was entered by the Court on that verdict. (Doc. No. 148.)

Brian then appealed the dismissal of all of his claims due to the Court's "enforcement of the Release-Dismissal Agreement." *Patterson*, 619 F. App'x at 463. Derek appealed this Court's "ruling that an Officer's Taser Report was inadmissible at trial." *Id.* There was no appeal from the second summary judgment ruling regarding municipal liability, § 1985, and the state tort claims. (*See* Doc. No. 150 – notice of appeal "by Plaintiff Derek Patterson from the October 1, 2013 final judgment on verdict for Defendants [and] by Plaintiff Brian Patterson from the August

---

[2] The instant summary judgment motion does not assert qualified immunity with respect to any of Brian's claims. This is appropriate, since the parties' versions of the facts surrounding these arrests differ significantly.

26, 2009 grant of summary judgment to Defendants.") The court of appeals reversed the summary judgment ruling as to Brian's claims, determining that "there are genuine issues of material fact surrounding at least five of the six *Rumery* factors" for determining whether his Release-Dismissal Agreement was enforceable.[3] *Patterson*, 619 F. App'x at 475 (citing *Town of Newton v. Rumery*, 480 U.S. 386, 401-02, 107 S. Ct. 1187, 94 L. Ed. 2d 405 (1987)). It further found that this Court improperly excluded the officers' taser reports from trial. The court of appeals remanded for a new trial. *Id.* at 482.

Defendants have now timely filed a motion for summary judgment addressing the restored claims of Brian. The motion is fully briefed and ripe for determination.

## II. DISCUSSION

A.   **Counts Two through Four, and Part of Count One**

As a threshold matter, the Court assumes that defendants felt it necessary to renew their motion with respect to Brian's claims as a precaution since, on September 7, 2012, the Court ruled on the merits of Derek's *identical* claims and issues,[4] granting summary judgment to defendants on count one (to the extent it raises *Monell* liability of the City), count two (§ 1985 conspiracy), count three (intentional infliction of emotional distress), and count four (negligent

---

[3] One judge on the panel would have affirmed the grant of summary judgment, stating:

> … I think the district court properly granted summary judgment to the defendants on Brian's claims. Brian surely knew what he was doing when he released his claims. A conscientious state trial judge supervised the procedure by which Brian released them. And by agreeing to release them, Brian avoided the possibility of a felony conviction that would have forever changed his life for the worse. Indeed Brian would have been foolish not to have taken the deal. We should hold him to it.

*Patterson*, 619 F. App'x at 482 (Kethledge, J., dissenting in part).

[4] Defendants repeatedly note the Court's earlier summary judgment ruling in footnotes to each of their current arguments.

training, supervision, and retention). (*See* Doc. No. 99.) These rulings were not appealed by Derek (*see* Doc. No. 150),[5] and are now the law of the case as to any *issue* decided.[6] *Caldwell v. City of Louisville*, 200 F. App'x 430, 433 (6th Cir. 2006) ("[t]he law-of-the-case doctrine precludes reconsideration of issues decided at an earlier stage of the case") (citing *United States v. Moored*, 38 F.3d 1419, 1421-22 (6th Cir. 1994) (holding that unappealed findings of the district court were the "law of the case" and could not be reconsidered by the district court following remand); *see also United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993) ("in determining whether a trial court is duty bound to rethink an issue foregone in an earlier appeal, the court 'must implement both the letter and spirit of the [previous] mandate, taking into account the appellate court's opinion and the circumstances it embraces'") (quoting *United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir. 1991) (alteration in original). Here, the appellate court considered only two issues: whether Brian's release-dismissal agreement was enforceable and effectively waived any right to sue these defendants, and whether it was harmless error to exclude the taser reports from trial.

That said, in an abundance of caution, the Court has examined, in light of Brian's claims and defendants' third summary judgment motion, its earlier summary judgment ruling with respect to *Monell*, § 1985 conspiracy, intentional infliction of emotional distress, and negligent failure to train/supervise/retain.

---

[5] The Court takes judicial notice of the Appellant's Brief filed in Sixth Circuit Case No. 13-4321, which raises no challenge to the September 7, 2012 summary judgment ruling. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (federal courts may take judicial notice in related "'proceedings in other courts of record'") (quoting *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); Fed. R. Evid. 201).

[6] Brian seems to have conceded this fact, at least in part. In his opposition to the instant motion for summary judgment, Brian has offered no opposing arguments with respect to counts two, three or four; he has, therefore, waived any such arguments. His opposition addresses only defendants' *Monell* argument (which was also decided in September 2012) and their *Heck* argument, upon which this Court has never ruled in this case.

1.    The *Monell* Claim[7] in Count One

The argument made by defendants and the counter-arguments made by Brian on this portion of count one are almost word-for-word identical to their respective arguments in the briefing that led to the September 7, 2012 ruling. (Compare Doc. No. 159 to Doc. No. 89, and Doc. No. 166 to Doc. No. 93.) Having now considered the same arguments *twice*, and in light of the principle of "law of the case," the Court adopts its previous ruling:

> The Court is inclined to agree with plaintiff that there are material factual disputes as to the adequacy of the investigation conducted by Schnee. [footnote omitted]. …
>
> That said, if, for the sake of argument, this Court were to conclude *both* that there was a constitutional violation *and* that Lt. Schnee's investigation of that violation was inadequate, that would still not preclude summary judgment for the City. …
>
> As noted by the court in *Thomas*, [398 F.3d 426 (6th Cir. 2005),] there is danger in "attempting to infer a municipal-wide policy based solely on one instance of potential misconduct." *Id.* at 432. "This argument, taken to its logical end, would result in the collapsing of the municipal liability standard into a simple *respondeat superior* standard. This path to municipal liability has been forbidden by the Supreme Court." *Id.* at 432-33 (citing *Monell*). Further, "*Doe* [*v. Claiborne Cnty.*, 103 F.3d 495 (6th Cir. 1996)] makes clear that the plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference." *Id.* at 433. In *Doe*, the court "found that even where a school board had some information that one of its teachers may have sexually abused students in the past and the board failed to remove him before he abused the plaintiff, the school board could not be found liable for having a policy, custom, or practice of condoning such abuse because there was no evidence that the school board failed to act regarding other teachers in similar circumstances; thus there was no evidence of any deliberate pattern." *Id.* (citing *Doe*, 103 F.3d at 508). Further, "[t]here is an analytical distinction between being deliberately indifferent as to one particular incident, and having a 'policy' of always being deliberately indifferent to unconstitutional actions." *Doe*, 103 F.3d at 508.

---

[7] In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Court held that a municipality is liable under 42 U.S.C. § 1983 only if the municipality itself caused the constitutional deprivation. A municipality cannot be liable for the acts of its employees solely on a theory of *respondeat superior*. *Id.* at 691.

> Here, plaintiff has presented no evidence of the City failing to act or inadequately investigating the use of force or the use of tasers by other officers.
> …
> The Court concludes that the City is entitled to summary judgment on Count One of the complaint given the absence of this critical evidence.

(Doc. No. 99 at 1240-43.) For these same reasons as previously set forth, summary judgment is granted in defendants' favor with respect to the City's *Monell* liability under Brian's count one.

### 2. The § 1985 Conspiracy Claim

In the original summary judgment ruling on September 7, 2012, the Court noted:

> Plaintiff has offered no opposition to this portion of defendants' motion for summary judgment. The Court finds well-taken defendants' argument that plaintiff has failed to establish a conspiracy claim and, therefore, defendants are entitled to summary judgment on Count Two.

(*Id.* at 1244.) The same remains true – Brian has offered no counter-argument with respect to count two in his opposition to the third summary judgment motion. Therefore, the Court adopts its previous ruling and grants summary judgment in favor of defendants on count two.

### 3. Intentional Infliction of Emotional Distress

Brian also offered no counter-arguments with respect to this claim. Therefore, the Court adopts its previous ruling:

> The Court concludes, as the individual defendants argue, that they are entitled to immunity under Ohio Rev. Code § 2744.03 because they were acting within the scope of their employment and responsibilities and are not liable under any express statute. Further, there is no evidence that they acted out of malice or wanton disregard for [Brian], even though, in hindsight, someone might conclude that the defendants did not exhibit the best judgment, especially at the earliest stage of the events. [footnote omitted]

> Even if they were not entitled to immunity, plaintiff is unable to meet the very high standard of "extreme and outrageous" conduct required to prove this tort. Ohio courts have made clear that "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of America*, 6 Ohio St. 3d 369, 375 (1983), *abrogated on other grounds by Welling v. Weinfeld*, 113 Ohio St. 3d 464 (2007). The facts of this case, even viewed in the light most favorable to the plaintiff, do not meet this test.
>
> Accordingly, the individual defendants are entitled to summary judgment on [c]ount [t]hree.

(*Id.* at 1245-46.) For the reasons stated above, the Court grants summary judgment in favor of defendants on Brian's count three.

### 4. Negligent Training, Supervision, and Retention

Brian also offered no counter-arguments with respect to this claim. Therefore, the Court adopts its previous ruling:

> As an initial matter, the City correctly argues that, although this count includes Chief Matulavich and Lieutenant Schnee, it does not specifically state whether they are sued in their individual or official capacities. "[A] plaintiff's failure to explicitly state 'individual capacity' in the complaint is not necessarily fatal to the lawsuit." *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003). In that situation a court should "employ a 'course of proceedings' test to ascertain whether a § 1983 defendant was on notice that the plaintiff intended to hold him or her personally liable, notwithstanding the plaintiff's failure to provide explicit notice." *Id.* at 967-68 (citing *Moore v. City of Harriman,* 272 F.3d 769, 772 (6th Cir.2001) (en banc)). The court can look to "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id.* at 968 (citing *Moore,* 272 F.3d at 772 n. 1). Additionally, a court considers "whether subsequent pleadings put the defendant on notice of the capacity in which he or she is [being] sued." *Id.* (citing *Moore,* 272 F.3d at 772 n. 1).
> … Although the Court notes that Matulavich and Schnee are listed in the caption of the complaint as being sued in both their individual and official

>capacities, and although plaintiff seeks compensatory and punitive damages, jointly and severally, against all of the defendants, after reading the entire complaint in its own context, in view of the fact that plaintiff has not opposed defendants' assertion that this count is aimed at them only in their official capacities, the Court concludes that defendants' argument has merit. Therefore, since a suit against government officials in their official capacity is really a suit against the government entity itself, [c]ount [f]our is construed as being brought against the City.
>
>Defendants argue that the City is immune under Ohio Rev. Code § 2744, *et seq*., from state tort causes of action seeking damages relating to police functions. Plaintiff has made no argument in opposition to this assertion by the City and the Court concludes that political subdivision immunity applies. Therefore, the City, and Matulavich and Schnee in their official capacities, are entitled to summary judgment on [c]ount [f]our.

(*Id.* at 1246-47.) Accordingly, for the same reasons as stated, the Court grants defendants summary judgment on Brian's count four.

### B. The *Heck v. Humphrey* Bar

Defendants argue that Brian's § 1983 excessive force claim in count one is barred because success on that claim would implicate the validity of his prior resisting arrest conviction. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that, "in order to recover damages for … harm caused by actions whose unlawfulness would render a conviction … invalid, a § 1983 plaintiff must prove that the conviction … has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. Defendants assert that the crime of resisting arrest under Ohio Rev. Code § 2921.33 requires the lawfulness of the underlying arrest, and "[a]n arrest is not lawful, under Ohio law, if the arresting officer used excessive force." (MSJ at 2609-10 (quoting *White v. Ebie*, 191 F.3d 454 (6th Cir. 1999) (Text in Westlaw).)

Brian argues in opposition that the excessive force occurred *after* his lawful arrest (and, by implication, after any resisting of that arrest occurred) and therefore would not invalidate the resisting arrest conviction so as to be barred by *Heck*. The Sixth Circuit has held that "*Heck* does not bar § 1983 suits alleging *post-arrest* excessive force." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 611 (6th Cir. 2014) (emphasis in original) (citing *Sigley v. Kuhn*, 205 F.3d 1341 (6th Cir. 2000) (where conviction for resisting arrest did not bar a § 1983 action claiming excessive force)).

It is not a foregone conclusion that, if Brian were to prevail on an excessive force claim, his conviction for resisting arrest would be invalid. Brian is claiming post-arrest excessive force, specifically, that while he was already handcuffed he was (unnecessarily) tasered by Officer Evans.

The Court concludes that Brian's claim of excessive force is not barred by *Heck v. Humphrey*. Accordingly, to that extent defendants are not entitled to summary judgment with respect to count one.

## III. CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment (Doc. No. 159) is granted in part and denied in part.

In light of these rulings, the following remains for trial: (1) Derek's excessive force claim against defendants Bickett and Didyk;[8] (2) whether Brian's Release-Dismissal Agreement is enforceable and, if not, (3) Brian's excessive force claim against Evans.

**IT IS SO ORDERED**.


Dated: June 17, 2016

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

---

[8] Defendant Didyk has filed a motion to enforce the jury's verdict as to him, arguing that plaintiff Derek Patterson did not appeal "the jury verdict in Officer Didyk's favor, or any evidentiary issue or legal ruling at trial related to Didyk's liability." (Doc. No. 158 at 2588.) Didyk argues that Derek appealed only the issue of whether it was error for the Court to exclude the taser reports of Bickett. Plaintiff Derek filed his opposition to this motion (Doc. No. 165) and defendant Didyk filed a reply (Doc. No. 167). The Court concludes that, although the argument raised by Didyk has some merit, the Court will nonetheless deny the motion. The allegation is that Didyk, in addition to Bickett, tased Derek. At trial, Bickett testified before Didyk. As a result, by the time any question would have been raised relating to the admissibility of Didyk's taser reports, this Court had already ruled that Bickett's similar reports were inadmissible, a ruling that has since been overturned. While it is true that plaintiffs' counsel never sought to admit Didyk's report, the Sixth Circuit's ruling with respect to the evidentiary issue raised on appeal has very clear implications for the verdicts of both Didyk and Bickett. Therefore, the motion to enforce (Doc. No. 158) is denied.